IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AVTAR SINGH,<br><br>    *Petitioner*,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al*,<br><br>    *Respondents*. | Civil Action No. 3:26-cv-1171<br><br>Hon. William S. Stickman IV |

**<u>ORDER OF COURT</u>**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner is currently in immigration detention at Moshannon Valley Processing Center ("MVPC"). This is his second habeas petition. At Case No. 3:26-cv-00312, the Court afforded him habeas relief, and ordered that he receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. (Case No. No. 3:26-cv-00312, ECF No. 10). That bond hearing occurred on March 16, 2026, and the immigration judge determined that Petitioner was a flight risk. (*Id*. at ECF No. 12-2). That determination is unreviewable under 8 U.S.C. § 1226(e). The Court does not have the authority to sit as an appellate court over the determination of the immigration judge and to question his substantive determination on bond.[1]

---

[1] The United States Court of Appeals for the Third Circuit, in two unpublished decisions, has advised that a district court may review whether a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (stating that Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights); *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). It has

1

Furthermore, as Respondents note, Petitioner had until April 16, 2026, to appeal the immigration judge's decision regarding bond. *See* 8 C.F.R. § 1003.3. There is no information before the Court that Petitioner exercised his right of appeal to the Bord of Immigration Appeals ("BIA"), or that he has attempted to seek a custody redetermination under 8 C.F.R. § 1003.19(e) due to a change in material circumstances.

Nevertheless, Petitioner wants the Court to review the proceedings before the immigration judge and find that he was not afforded an adequate individualized bond hearing. Petitioner wants a "a constitutionally adequate bond hearing … with the Government bea[ring] the burden of proving by clear and convincing evidence that continued detention is justified." (ECF No. 1, p. 12). The Court will not order a new bond hearing. Petitioner already received habeas relief, and an individualized bond hearing with adequate procedural protections. He may disagree with the outcome of his court-ordered hearing and the immigration judge's weighing of the evidence, but nothing before the Court suggests that the process was deficient. The Court holds that he received a fundamentally fair bond hearing.

Lastly, the Court holds that his continued detention has not become constitutionally unreasonable. In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203. 211 (3d Cir. 2020). Courts within this circuit have repeatedly recognized

---

explained that a bond hearing satisfies due process if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78.

that detention approaching or exceeding six months without an opportunity for individualized review raises serious constitutional concerns. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475–476 (3d Cir. 2015) (explaining that detention becomes suspect as it moves beyond six months); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (observing that Congress doubted the constitutionality of detention longer than six months).

Petitioner was taken into immigration custody on October 27, 2025. (ECF No. 9-3). On December 9, 2025, an immigration judge denied Petitioner's applications for relief and ordered him removed to India. (ECF No. 9-4). The Government has represented that Petitioner filed an appeal regarding his removal with the BIA, and his brief was filed on June 16, 2026. (ECF No. 9, p. 2). Thus, nothing before the Court indicates that his appeal of his removal order is progressing at an abnormal pace. And, as previously noted, Petitioner's bond hearing occurred on March 16, 2026.

Additionally, Petitioner has not shown that his current conditions of confinement at MVPC are unduly punitive or otherwise quasi-criminal in nature. MVPC only houses immigration detainees. *See https://www.ice.gov/detain/detention-facilities/moshannon-valley-processing-center. See also https://www.geogroup.com/facilities/moshannon-valley-processing-center/.* His detention there will terminate upon the conclusion of removal proceedings.

The Court holds that Petitioner's ongoing detention serves the purpose for which § 1226(c) was enacted as protects against flight. Petitioner faces deportation from the United States.

AND NOW, this 27th day of July 2026, IT IS HEREBY ORDERED that the Petition for

Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

4